

# U.S. MERIT SYSTEMS PROTECTION BOARD

### Office of the Clerk of the Board

**1615 M Street, N.W.**
**Washington, D.C. 20419-0002**

Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

2023-1050

# ATTESTATION

      I HEREBY ATTEST that the attached index represents a list of the documents comprising the administrative record of the Merit Systems Protection Board in the appeal of Rahul Jindal *v.* Department of Defense, MSPB Docket No. DC-1221-21-0221-W-2, and that the administrative record is under my official custody and control on this date

on file in this Board

| | |
|---|---|
| November 1, 2022 | /s/ for |
| Date | Jennifer Everling |
| | Acting Clerk of the Board |

## CERTIFICATE OF SERVICE

I hereby certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Counsel For Petitioner</u>

Electronic Mail          John T. Harrington, Esq.
(via mspb@mspb.gov)   tharrington@employmentlawgroup.com

<u>Respondent</u>

Electronic Mail          Martin F. Hockey, Jr., Acting Director
(via mspb@mspb.gov)   Commercial Litigation Branch
                         Civil Division Classification Unit
                         U.S. Department of Justice
                         C/O Thee Matthews
                         Thee.Matthews@usdoj.gov



November 1, 2022                          /s/
_____          _____
      (Date)                           Tawanda Williams
                                      Paralegal Specialist

RAHUL JINDAL

v.

DEPARTMENT OF DEFENSE

MSPB Docket No.   DC-1221-21-0221-W-1

INDIVIDUAL RIGHT OF ACTION (IRA)

| TAB | VOLUME | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | 1 | Appellant - Initial Appeal | February 05, 2021 |
| 2 | 1 | MSPB - Acknowledgment Order | February 08, 2021 |
| 3 | 1 | MSPB - Jurisdiction Order | February 08, 2021 |
| 4 | 1 | Agency - Agency's Designation of Representation | February 09, 2021 |
| 5 | 1 | Appellant - Designation of Representation | February 10, 2021 |
| 6 | 1 | Appellant - Appellant's Response to Order on Jurisdiction | February 18, 2021 |
| 7 | 1 | Agency - Agency's Lucia Motion | February 22, 2021 |
| 8 | 1 | MSPB - Initial Decision | February 26, 2021 |
| 9 | 1 | MSPB - Certificate of Service | February 26, 2021 |
| 10 | 1 | Agency - Agency Representative Addition | March 22, 2022 |

INDEX

RAHUL JINDAL

v.

DEPARTMENT OF DEFENSE

MSPB Docket No.   DC-1221-21-0221-W-2

INDIVIDUAL RIGHT OF ACTION (IRA)

| TAB | VOLUME | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 1 | 1 | MSPB - Refiled Appeal | February 25, 2022 |
| 2 | 1 | MSPB - Acknowledgment Order & Notice to Parties | February 25, 2022 |
| 3 | 1 | MSPB - Case Reassignment Order | March 16, 2022 |
| 4 | 1 | MSPB - Order | March 17, 2022 |
| 5 | 1 | Agency - Motion to Sever | March 18, 2022 |
| 6 | 1 | MSPB - Order | March 18, 2022 |
| 7 | 1 | Agency - Agency Representative Addition | March 22, 2022 |
| 8 | 1 | Agency - Agency's Motion for Extension of Time | March 24, 2022 |
| 9 | 1 | MSPB - Time Extension Request Order | March 25, 2022 |
| 10 | 1 | Appellant - Appellant's Response To The February 8, 2021 Order On Jurisdiction And Proof Req | March 28, 2022 |
| 11 | 1 | Agency - Agency File and Response to Jurisdictional Order | April 20, 2022 |
| 12 | 1 | Agency - Agencies' Motion to Dismiss WRNMMC Exhibits | April 20, 2022 |
| 13 | 1 | Agency - WRNNMC's Motion to Seal [SEALED] | April 20, 2022 |
| 14 | 1 | Appellant - Appellant's Motion for Extension of Time to Respond to Motion to Dismiss | April 22, 2022 |
| 15 | 1 | MSPB - Time Extension Request Order | April 22, 2022 |
| 16 | 1 | Appellant - Appellant's Opposition to the Agency's Motion to Dismiss | May 02, 2022 |
| 17 | 1 | MSPB - Jurisdiction Order | June 13, 2022 |

| 18 | 1 | MSPB - Erratum Order | June 13, 2022 |
| 19 | 1 | MSPB - Order | June 16, 2022 |
| 20 | 1 | Appellant - Appellant's Supplemental Response to Jurisdiction Order | June 23, 2022 |
| 21 | 1 | Agency - University Response to Jurisdiction Order | July 01, 2022 |
| 22 | 1 | Agency - WRNMMC's Response to Appellant's Supplemental Response to Jurisdiction Order | July 01, 2022 |
| 23 | 1 | Appellant - Appellant's Additional Supplemental Response to Jurisdiction Order | July 06, 2022 |
| 24 | 1 | MSPB - Order Suspending Case Processing | July 07, 2022 |
| 25 | 1 | MSPB - Initial Decision | September 01, 2022 |
| 26 | 1 | MSPB - Certificate of Service | September 01, 2022 |

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
### WASHINGTON REGIONAL OFFICE

| | |
|---|---|
| RAHUL JINDAL,<br>             Appellant, | DOCKET NUMBER<br>DC-1221-21-0221-W-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>             Agency. | DATE: February 26, 2021 |

John T. Harrington, Esquire, The Employment Law Group, P.C., Washington, D.C., for the appellant.

Steven J. Weiss, Esquire, Bethesda, Maryland, for the agency.

**BEFORE**
Andrew Niedrick
Administrative Judge

## INITIAL DECISION

On February 5, 2021, the appellant filed an Individual Right of Action (IRA) appeal with the Merit Systems Protection Board (Board) and alleged that the agency retaliated against him for his protected whistleblowing activity. Appeal File (AF), Tab 1. For the following reasons, the appeal is DISMISSED WITHOUT PREJUDICE to refiling subject to automatic refiling as provided below.

## ANALYSIS AND FINDINGS

Background

On February 5, 2021, the appellant electronically filed this IRA appeal and alleged the agency retaliated against him for his protected whistleblowing

activity.  AF, Tab 1.  On February 22, 2021, the agency filed a motion to reassign this appeal to a properly appointed Administrative Judge or to dismiss it without prejudice until a new Board is confirmed.  *Id.*, Tab 7.  In support of the motion, the agency argued that I lacked the authority to decide this appeal based on the U.S. Supreme Court's Opinion in *Lucia v. Securities Exchange Commission*, 138 S. Ct. 2044 (2018).[1]  The issue of whether the Court's holding in *Lucia* is applicable to Board Administrative Judges (AJs) is pending before the Board from an Interlocutory Appeal[2] certified on April 23, 2019.

Applicable law

The Board's regulations provide that a "Dismissal without prejudice is a procedural option that allows for the dismissal and subsequent refiling of an appeal."  5 C.F.R. § 1201.29.  The regulations also provide that the decision to grant a dismissal without prejudice is left to the "sound discretion of the judge" and "may be granted on the judge's own motion or upon request by either party" based on a finding that any prejudice is outweighed by "the interests of fairness, due process, and administrative efficiency."  *Id.*  Finally, the regulations provide that, with limited exception, the decision to dismiss an appeal without prejudice "will include a date certain by which the appeal must be refiled."  *Id.*

A dismissal without prejudice is appropriate in the interest of administrative efficiency.

As discussed above, the dispositive issue of whether the Court's holding in *Lucia* is applicable to Board AJs and, if so, whether AJs have the authority to preside over Board proceedings is currently pending before the Board from an Interlocutory Appeal.

---

[1] The appellant, through his attorney, notified me that the appellant does not oppose the agency's motion under the circumstances.

[2] *See* 5 C.F.R. § 1201.91-.93 (Interlocutory Appeals).

Accordingly, in the interest of administrative efficiency, I find that there is good cause to dismiss this appeal without prejudice to allow a newly confirmed Board to address this issue. **This appeal will be automatically refiled by the Board on February 25, 2022**. If the Board issues a decision addressing the *Lucia* issue prior to that date, my office will automatically refile this appeal at that time. Any documents already submitted in this appeal are already part of the record and should not be resubmitted when the appeal is refiled.[3]

## DECISION

The appeal is DISMISSED WITHOUT PREJUDICE and the Board will automatically refile the appeal as provided above.

FOR THE BOARD: _____/S/_____
Andrew Niedrick
Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **April 2, 2021**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. If you are represented, the 30-day period

---

[3] In his appeal, the appellant is seeking corrective action from two different Department of Defense components based on his whistleblowing activity. Specifically, he seeks corrective action from both the Uniformed Services University of the Health Sciences and the Walter Reed National Military Medical Center (WRNMC). *See* AF, Tab 1. If the Board resolves the *Lucia* issue by finding Board AJs have the authority to adjudicate appeals of this kind, I will address the issue of whether the WRNMC should be included as a respondent agency when the appeal is refiled and case processing resumes.

begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first. You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

## NOTICE OF LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently there are no members in place. Because a majority vote of the Board is required to decide a case, *see* 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at

this time. *See* 5 U.S.C. § 1203. Thus, while parties may continue to file petitions for review during this period, no decisions will be issued until at least two members are appointed by the President and confirmed by the Senate. The lack of a quorum does not serve to extend the time limit for filing a petition or cross petition. Any party who files such a petition must comply with the time limits specified herein.

For alternative review options, please consult the section below titled "Notice of Appeal Rights," which sets forth other review options.

## **Criteria for Granting a Petition or Cross Petition for Review**

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the

earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully

follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date this decision becomes final</u>. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after this decision becomes final</u> as explained above.  5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

Electronic Mail        Rahul Jindal
                       404 Hilton Head Court
                       Silver Spring, MD 20905

<u>Appellant Representative</u>

Electronic Mail        John T. Harrington, Esq.
                       The Employment Law Group, P.C.
                       888 17th St. NW, 9th Floor, Suite 900
                       Washington, DC 20006

<u>Agency Representative</u>

Electronic Mail        Steven J. Weiss
                       Department of Defense
                       Associate General Counsel
                       Office of General Counsel
                       Uniformed Services University of the Health Science
                       Room: A 1030
                       4301 Jones Bridge Road
                       Bethesda, MD 20814

| February 26, 2021 | /s/ |
|---|---|
| (Date) | Latisha Clinton |
| | Paralegal Specialist |

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## WASHINGTON REGIONAL OFFICE

RAHUL JINDAL,                                   DOCKET NUMBER
           Appellant,                    DC-1221-21-0221-W-2[1]

     v.

DEPARTMENT OF DEFENSE,                          DATE: September 1, 2022
           Agency.

<u>John T. Harrington</u>, Esquire, Washington, D.C., for the appellant.

<u>Lauren S. Ruby</u>, Esquire, Falls Church, Virginia, and <u>Steven J. Weiss</u>,
    Bethesda, Maryland, for the agency.

**BEFORE**
Melissa Mehring
Administrative Judge

## INITIAL DECISION

The appellant filed an individual right of action (IRA) appeal with the Merit Systems Protection Board (Board). Appeal File (AF), W-1, Tab 1. The appellant requested a hearing. *Id*. at 2. For the reasons explained below, the appeal is DISMISSED for lack of jurisdiction, without a hearing.

---

[1] Documents filed in this appeal will be cited as Appeal File (AF), W-2. When documents from the prior appeal are cited, they will be cited as AF, W-1.

# BACKGROUND

<u>The appellant's Board appeal</u>

The appellant filed an IRA appeal with the Board in which he alleged that he was retaliated against for making protected disclosures. AF, W-1, Tab 1. The appellant explained that he was dually employed by the Uniformed Services University of the Health Sciences (USUHS) and Walter Reed National Military Medical Center (Walter Reed). AF, W-1, Tab 1 at 6.

Among other things, the appellant stated that he filed a complaint with the Maryland Board of Physicians (MBP) about Dr. JH, who he claimed failed to obtain informed consent from a former patient in 2014. *Id.* at 10. The appellant also stated that he filed a complaint with MBP about Dr. SO regarding SO's prior employment. *Id.* at 15. The appellant used a pseudonym in filing both complaints. *Id.* at 10, 15.

Further, the appellant asserted that he complained about JH and Dr. EE. *Id.* at 10-12. The appellant claimed that these doctors cancelled their clinics and procedures for their public employment in order to perform work at private hospitals. *Id.* According to the appellant, he also complained that JH was on call for both his private and public hospital employers on six occasions between March 2015 and April 4, 2017. *Id.* at 12-13.

The appellant stated that USUHS initiated an Office of Inspector General (OIG) investigation of the appellant on April 27, 2018 regarding the complaint he made to the MBP. AF, W-1, Tab 1 at 15. It was the appellant's claim that this was done at the insistence of SO and his counsel. *Id.* at 15-16. The appellant stated that the investigation was based on a claim that the appellant committed a HIPAA violation. *Id.* at 15. The appellant explained that the investigation concluded in October 2018 and reached the determination that the appellant made false complaints against JH and SO. *Id.* at 16.

In his appeal, the appellant alleged that SO was a danger to public health and safety. *Id.* at 16. The appellant disagreed with the OIG's conclusion stated

in the investigation report and asserted that his reports were not false and further that he had a duty to make them. *Id.*

Thereafter on December 15, 2018, the appellant stated that Walter Reed suspended his privileges. *Id.* at 16-17. Through counsel, the appellant contested the investigation, and the appellant stated that "USUHS promptly cleared [him] of all wrongdoing and did not discipline him." AF, W-1, Tab 1 at 17. Thus, while the appellant did not have privileges to perform surgery, he continued his employment with USUHS. *Id.* at 18.

While the appellant's privileges were suspended, Walter Reed conducted its own investigation. *Id.* at 16. The appellant wrote that Walter Reed finished its investigation in July 2019, but did not release it until April 2020. *Id.* at 18. The appellant reported that Walter Reed's investigation did not substantiate the allegation against the appellant regarding the alleged HIPAA violation and further found that the appellant did not mislead a Federal agency. *Id.* Yet, the appellant stated that Walter Reed still concluded that he filed a false complaint, a conclusion with which the appellant disagreed. *Id.*

Therefore, Walter Reed did not reinstate the appellant's privileges. *Id.* The appellant asserted that Walter Reed failed to inform the appellant that it had completed its investigation. *Id.*

The appellant sought other employment, but asserted that his efforts were blocked when the hiring agency contacted USUHS for a reference. AF, W-1, Tab 1 at 19. The appellant claimed that this resulted in the rescission of a job offer in March 2020. *Id.*

Because Walter Reed did not reinstate the appellant's privileges, USUHS stated it removed the appellant from service. *Id.* at 21. The appellant contended that this was in spite of the fact that the appellant had no adverse clinical or patient related findings, but instead he was a competent doctor who provided excellent care. *Id.* at 18-23. This conclusion was supported by an independent

review of the appellant's work by a doctor hired by the appellant to conduct a review, the appellant explained. *Id.* at 21.

During the review process regarding the appellant's privileges, the appellant stated he reasserted his disclosures about JH and SO. *Id.* at 23. The appellant summarized that he made protected disclosures and engaged in protected activity when he made reports about JH to MBP on February 11, 2014. AF, W-1, Tab 1 at 27. In addition, the appellant claimed that his disclosure to MBP in 2016 and then to Johns Hopkins on April 23, 2017 were protected disclosures. *Id.* As a result of these disclosures and activity, the appellant alleged the agency retaliated against him when it: suspended his privileges; interfered with his transfer; and removed him from service. *Id.*

Processing of the initial appeal

Following receipt of the appellant's appeal, the assigned Administrative Judge issued a jurisdictional order in which he notified the appellant of the elements and burdens of proof for establishing Board jurisdiction over his appeal. AF, W-1, Tab 3. The appellant filed a response, but before the assigned Administrative Judge could make a jurisdictional determination, the agency filed a motion to dismiss without prejudice. AF, W-1, Tabs 6-7. That motion was granted and the case was automatically refiled thereafter. AF, W-1, Tab 8; AF, W-2, Tab 1.

The case was reassigned to me and I issued an order in which I allowed the appellant to resubmit his initial response on the issue of jurisdiction as well as supplement that response. AF, W-2, Tabs 3-4. In addition, I gave the agency an opportunity to file a response on the subject of jurisdiction. AF, W-2, Tab 4. The appellant filed a response as did the agency, and then the appellant filed a reply. AF, W-2, Tabs 10-12, 16.

The agency response

In its response to the Board's jurisdictional orders, the agency stated that the appellant could not make a nonfrivolous allegation that he engaged in protected whistleblowing.  AF, W-2, Tab 11.  The agency explained that the parties entered into a Last Chance Agreement (LCA), and as part of that agreement the appellant retracted and apologized for his prior statements, which he claimed were the basis of retaliation.  *Id.*  The agency provided a copy of the agreement as well as the letters the appellant wrote retracting his statements and apologizing for them. AF, W-2, Tab 11 at 48-54. In consideration for the appellant's actions, the agency agreed to continue to renew the appellant's 6 month time-limited appointments "pending the hospitals credentialing inquiry." *Id.* at 54.  Among the outcomes of the process identified in the agreement was the possibility that the appellant would be denied privileges and his time limited appointment would end. *Id.*

The agency provided documents with its response to include a copy of the non-renewal notice dated March 23, 2020 signed by EE. AF, W-2, Tab 11 at 41. In the notice, EE informed the appellant his appointment was not being renewed and would expire on April 23, 2020.  AF, W-2, Tab 11 at 41.

Moreover, Walter Reed argued that it did not take a personnel action against the appellant.  AF, W-2, Tab 11 at 31.  Walter Reed explained that the appellant's privileges expired.  *Id.*  In support of it assertion that the expiration of clinical privileges was not a personnel action, the agency included a copy of the notice.  AF, W-2, Tab 12 at 18.  In the notice issued to the appellant, the agency stated that the appellant's privileges expired on December 15, 2018, and specifically noted that the action was administrative in nature and not adverse. *Id.*

<u>The appellant's reply</u>

In reply, the appellant claimed the LCA was invalid because it was signed under duress. AF, W-2, Tab 16. Therefore, the appellant argued, the statements made as a result of the agreement were similarly invalid and nonbinding. *Id.* I note prior to the agency raising the issue, the appellant had not mentioned the agreement.

<u>Jurisdictional Orders and responses</u>

In a Jurisdiction Order dated June 3, 2022, I set forth the appellant's asserted claims and explained that additional information was required to make a jurisdictional ruling in this case. AF, W-2, Tab 17. Therefore, I afforded the appellant another opportunity to address the jurisdictional issues in his case. *Id.* I will not repeat the entire substance of that ruling to include the background, analysis and findings, but rather summarize my conclusions below.

In the prior jurisdictional ruling, I found the appellant exhausted his administrative remedies regarding 7 disclosures:

1.      From 2013 to 2017, the appellant complained to EE about OS – but did not provide specific allegations that he made or a specific date. AF, W-1, Tab 6 at 48-49.

2.      On an unspecified date, the appellant alleged he filed a complaint with MBP against JH, under a pseudonym, for failure to obtain informed consent. *Id.* at 49.

3.      On an unspecified date, the appellant alleged he disclosed to EE that JH was on call at two hospitals at the same time six times between March 13, 2015 and April 4, 2017. *Id.* at 51.

4.      On an unspecified date, the appellant alleged he disclosed to EE that JH cancelled operations at Walter Reed to include on August 25, 2016, to perform a surgery at a private hospital. *Id.* at 51.

5.        On an unspecified date, the appellant alleged he disclosed to EE
          that JH cancelled clinics on multiple occasions to include four
          specific clinics. *Id.* at 52.

6.        On an unspecified date, the appellant alleged he disclosed to EE
          that JH was on call at Walter Reed, while performing a surgery
          in Texas on June 2, 2017. *Id.* at 52.

7.        On September 12, 2017, the appellant filed a complaint against
          SO with MBP regarding SOs past employment history. *Id.* at 53.

AF, W-2, Tab 17 at 4-5, 8-9.

Further, I found the appellant exhausted his administrative remedies with
respect to four personnel actions:

1. A hostile working environment dating back to his initial appointment in
   2012 through 2016. The appellant identified Title VII based
   discrimination in support of this claim. AF, W-1, Tab 6 at 47, 50.

2. Walter Reed suspended the appellant's privileges on December 15,
   2018. *Id.* at 54-55.

3. EE obstructed the appellant's application process by providing a
   negative reference in March 2020. *Id.* at 56.

4. The appellant was terminated on April 23, 2020. *Id.* at 58.

AF, W-2, Tab 17 at 4, 8-9.

## ANALYSIS AND FINDINGS

The Board has jurisdiction over an IRA appeal if the appellant
has exhausted his administrative remedies before OSC and made
nonfrivolous allegations that (1) he made a protected disclosure described under
5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C.
§ 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected
activity was a contributing factor in the agency's decision to take or fail to take

a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

As an initial matter, the appellant must show by preponderant evidence that he brought his whistleblower complaint to the OSC, sought corrective action, and exhausted OSC's procedures. 5 C.F.R. § 1201.57(c)(1). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

If the appellant established the exhaustion requirement, he must next make nonfrivolous allegations that he engaged in whistleblowing activity or protected activity and that activity was a contributing factor in the decision to take or fail to take the personnel action at issue. 5 C.F.R. § 1201.4(s). A nonfrivolous allegation is a claim under oath or penalty of perjury or supported by evidence relevant to the matter at issue that, if proven, could establish the matter it asserts. 5 C.F.R. § 1201.4(s). Conclusory, vague, or unsupported allegations are not enough to meet this standard. *Redstock Consolidated v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 12 (2015). Further, in a whistleblower action,

> the question of whether the appellant has non-frivolously alleged protected disclosures that contributed to a personnel action must be determined based on whether the employee alleged sufficient factual matter accepted as true, to state a claim that is plausible on its face.

*Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020).

Exhaustion

Exhaustion can be shown by establishing that the appellant brought his whistleblower or other complaint to the attention of OSC, and exhausted OSC's procedures. An appellant has "exhausted" OSC's procedures once OSC has notified him that it is terminating its investigation into his complaint. The appellant may also show he exhausted OSC's procedures if 120 days have passed

since he filed his claim with OSC and he has not received a termination notice. 5 U.S.C. § 1214(a)(3).

To satisfy the administrative exhaustion requirement, an appellant must inform OSC of the precise ground of his charge of whistleblowing or other covered protected activity, thereby giving OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 10 (2006). An appellant bears the burden of proving he exhausted his administrative remedies with OSC by preponderant evidence. *See* 5 C.F.R. 1201.57(c)(1).

For the reasons set forth in my prior jurisdictional order and as set forth above, I find the appellant exhausted the following disclosures and personnel actions:

Disclosures

1. From 2013 to 2017, the appellant complained to EE about OS – but did not provide specific allegations that he made or a specific date. AF, W-1, Tab 6 at 48-49.

2. On an unspecified date, the appellant alleged he filed a complaint with MBP against JH, under a pseudonym, for failure to obtain informed consent. *Id.* at 49.

3. On an unspecified date, the appellant alleged he disclosed to EE that JH was on call at two hospitals at the same time six times between March 13, 2015 and April 4, 2017. *Id.* at 51.

4. On an unspecified date, the appellant alleged he disclosed to EE that JH cancelled operations at Walter Reed to include on August 25, 2016, to perform a surgery at a private hospital. *Id.* at 51.

5. On an unspecified date, the appellant alleged he disclosed to EE that JH cancelled clinics on multiple occasions to include four specific clinics. *Id.* at 52.

6. On an unspecified date, the appellant alleged he disclosed to EE that JH was on call at Walter Reed, while performing a surgery in Texas on June 2, 2017. *Id.* at 52.

7. On September 12, 2017, the appellant filed a complaint against SO with MBP regarding SOs past employment history. *Id.* at 53.

AF, W-2, Tab 17 at 4-5, 8-9.

Personnel actions

1. A hostile working environment dating back to his initial appointment in 2012 through 2016. The appellant identified Title VII based discrimination in support of this claim. AF, W-1, Tab 6 at 47, 50.

2. Walter Reed suspended the appellant's privileges on December 15, 2018. *Id.* at 54-55.

3. EE obstructed the appellant's application process by providing a negative reference in March 2020. *Id.* at 56.

4. The appellant was terminated on April 23, 2020. *Id.* at 58.

AF, W-2, Tab 17 at 4, 8-9.

Given my determination on exhaustion, I now consider whether the appellant made nonfrivolous allegation that he engaged in whistleblowing activity and that activity was a contributing factor in the agency's decision to take a personnel action.

Disclosures

A whistleblowing "disclosure" is defined at 5 U.S.C. § 2302(a)(2)(D)[2] as "a formal or informal communication or transmission, but does not include a communication concerning policy decisions that lawfully exercise discretionary authority unless the employee or applicant providing the disclosure reasonably

---

[2] The Whistleblower Protection Act (WPA), Publ. L. No. 101-12 was amended to enhance whistleblower protection and the new act was entitled the Whistleblower Protection Enhancement Act (WPEA), Publ. L. No. 112-119.

believes that the disclosure evidences-(i) any violation of any law, rule, or regulation; or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." Moreover, the Board has held that the statutory protection for whistleblowers is not a weapon in arguments over policy or a shield for insubordinate conduct. *See O'Donnell v. Department of Agriculture*, 120 M.S.P.R. 94, ¶ 14 (2013), *aff'd,* 561 Fed.Appx. 926 (Fed.Cir. 2014). Even under the expanded protections afforded to whistleblowers under the WPEA, general philosophical or policy disagreements with agency decisions or actions are not protected unless they separately constitute a protected disclosure of one of the categories of wrongdoing listed in section 2302(b)(8)(A). *See* 5 U.S.C. § 2302(a)(2)(D); *see also O'Donnell*, 561 Fed.Appx. at 930 (citing the legislative history of the WPEA).

The test to determine whether an individual has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *LaChance v. White*, 174 F.3d 1378 (Fed.Cir. 1999). The appellant need not prove that the condition reported established any of the situations detailed in section 2302(b)(8). Rather, the appellant must show that the matter reported was one which a reasonable person in his position would believe evidenced any of the situations specified in 5 U.S.C. § 2302(b)(8). *McCarthy v. International Boundary and Water Commission*, 116 M.S.P.R. 594, ¶ 34 (2011).

In the June 3, 2022 Jurisdiction Order, I found the appellant's disclosures evidenced an allegation of a danger to public health and safety, but lacked specificity regarding the specific harm at issue and the likelihood of the danger. AF, W-2, Tab 17 at 13. The inquiry into whether a disclosed danger is

sufficiently "substantial and specific" to warrant protection under the Whistleblower Protection Act (WPA) is guided by several factors, among these: (1) "the likelihood of harm resulting from the danger;" (2) "when the alleged harm may occur;" and (3) "the nature of the harm," *i.e.*, "the potential consequences." *Chambers v. Department of the Interior*, 602 F.3d 1370, 1376 (Fed. Cir. 2010). The fact that a particular health or safety statement involves a policy decision or disagreement does not deprive it of protection under the WPA. *Id.*

Because the appellant's initial allegations lacked the necessary specificity to find that the appellant made a nonfrivolous allegation of a substantial and specific danger to public health and safety, I afforded the appellant time to provide additional details about his disclosures. AF, Tab 17 at 13, 15-16.

In his response, the appellant asserted that he made his disclosure to EE on February 15, 2013, regarding SO not being present for a follow-up visit with a patient between February 12-15, 2013. AF, W-2, Tab 20 at 6. In the days that followed, the appellant alleged he also disclosed to EE that SO missed an appointment with a new patient and missed a meeting. *Id.*

Further, the appellant averred that he disclosed to EE around April 19, 2015 that JH was on call at Walter Reed and a private hospital on April 13, and 19, 2015. AF, W-2, Tab 20at 6-7. The appellant asserted he made a similar disclosure to EE regarding JH being on call at two hospitals on or about August 4, 2016. *Id.* at 7. Further, the appellant claimed that later that month he disclosed that JH cancelled a surgery at a public facility in order to perform an operation at a private hospital. *Id.* Still later in August, the appellant stated that he again informed EE that JH was on call at Walter Reed and a private hospital for 5 hours on August 29, 2016. *Id.* On that same day, the appellant complained that JH failed to see a patient at Walter Reed and failed to answer a call, which required the appellant to see JH's patient. *Id.* at 7-8. According to the appellant he also reported this to EE. *Id.*

The next month, in September 2016, the appellant alleged that JH cancelled a meeting after keeping staff members waiting for an hour. AF, W-2, Tab 20 at 8. The appellant stated that he reported this to EE around September 6, 2016. *Id.* The next day, the appellant claimed JH kept patients waiting in the clinic while he performed an operation at a private hospital, which the appellant asserted he reported to EE. *Id.* The same thing happened, the appellant alleged, on November 8, 2016 and he reported it to EE shortly thereafter. *Id.* at 9.

In April 2017 and June 2017, the appellant alleged he reported to EE that JH performed surgery at a private hospital while on call at Walter Reed. AF, W-2, Tab 20 at 9. Further, the appellant alleged he told EE that JH failed to perform morning rounds on April 17, 2017. *Id.*

Regarding all of the disclosures discussed in his supplemental pleading, the appellant stated they were made orally. AF, W-2, Tab 20 at 6-9. The last disclosure was dated June 17, 2017. *Id.* at 9

The appellant alleged, without support or evidence, that "cancelling procedures results in immediate risk to patient health." AF, W-2, Tab 20 at 10. Further, he continued by alleging possible negative scenarios based on the cancellation of procedures and clinics, but did not address any of the specific situations disclosed. *Id.* Instead, the appellant made generalized allegation of potential issues. *Id.* The appellant added that even if there was not a bad outcome, the delay may cause stress to patients and families and otherwise impact hospital scheduling and resources. *Id.* at 11. I find the appellant did not substantially add to his allegation regarding how his disclosures evidenced a specific danger or the likelihood of the danger.

The appellant also alleged that "[i]t is unethical and a violation of state of [sic] federal regulations to be on-call at multiple hospitals. AF, W-2, Tab 20 at 11. Yet, the appellant did not cite any law, rule or regulation that prohibits it. Further, the appellant again explained the possible risks, but did not provide how likely the harm was or the exact nature of it. *Id.* at 11-12. Instead, the appellant

made general claims of what could happen. *Id.* For example, the appellant did not indicate whether any of the possibilities he indicated were possible had ever occurred. The appellant also did not provide staffing information and/or whether there were multiple doctors on call. These would be probative of the actual likelihood of harm and the nature of the possible harm.

At this stage, however, I find that the appellant has done enough, if just barely, to make a nonfrivolous allegation that his disclosures were protected.

I find the appellant's allegations regarding missing meeting with staff, two alleged remarks about staff, to be insufficient to establish a nonfrivolous allegation of a protected disclosure. The appellant did not address any other of his alleged protected disclosures and therefore, I will not discuss them further.

Personnel Actions

In the previous order, I also addressed whether the appellant made a nonfrivolous allegation that his asserted personnel actions were covered by 5 U.S.C. § 2302(a)(2)(A). AF, W-2, Tab 17 at 9-11. Specifically, I found that the nonrenewal of the appellant's appointment to be tantamount to a removal. AF, W-2, Tab 17 at 9.

On the other hand, I find the appellant's claim of a hostile work environment to be insufficient to meet the nonfrivolous allegation standard for an IRA appeal. AF, W-2, Tab 17 at 9. Here the appellant claimed that the hostile work environment was based on Title VII covered discrimination. AF, W-2, Tab 10 at 7-8, 25-26, 34, 37. Such claims of discrimination are not covered by 5 U.S.C. § 2302(b)(8), but instead are covered by 5 U.S.C. § 2302(b)(1), which is not a basis for filing an IRA appeal. 5 U.S.C. § 1221.

I find this is consistent with the Board's recent decision in *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17 (2022). Therein, the Board held that only agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working

conditions, duties, or responsibilities, and are likely to have a chilling effect on whistleblowing or otherwise undermine the merit system will be found to constitute a covered personnel action under section 2302(a)(2)(A)(xii). *Skarada v. Department of Veterans Affairs,* 2022 MSPB 17*, ¶¶* 16, 23, 29. Similarly, I find the appellant's allegation of a retaliatory investigation to be insufficient to establish a nonfrivolous allegation of a personnel action.[3] AF, W-2, Tab 17 at 10. Following my ruling that the appellant failed to make a nonfrivolous allegation that his claim of a hostile work environment was a covered personnel action, the appellant did not supplement the record or provide any additional information that would lead to reconsideration of this ruling. *See* AF, W-2, Tabs 20, 23. The appellant's general allegation of a hostile work environment and supplemental information does not evidence a claim that the appellant experience a significant impact on his working conditions, or that the work environment had a chilling effect on his whistleblowing.

After the June 3, 2022 jurisdictional ruling, I left open the question of whether it was a personnel action for the agency to decline to renew the appellant's hospital privileges. AF, W-2, Tab 17 at 11. The appellant argued in response to the jurisdictional order that the failure to renew his privileges was a personnel action because it significantly changed his duties, responsibilities and working conditions. AF, W-2, Tab 20 at 12. The appellant cited no case law or supporting evidence in this regard. I need not reach this issue, however, because I find below that even if it was a personnel action the appellant has not made a nonfrivolous allegation that his asserted disclosures were a contributing factor in the decision regarding his privileges at Walter Reed.

I also left open the question of whether the appellant made a nonfrivolous allegation regarding the withdrawal of an employment offer. AF, W-2, Tab 17

---

[3] For additional discussion on these conclusions see the prior jurisdictional ruling. AF, W-2, Tab 17 at 10.

at 10.    Regarding this claim, the appellant stated that he was made a verbal informal offer of employment that was rescinded in March 2020 due to a negative reference provided by EE and perhaps JH.  AF, W-2, Tab 20 at 5.  The appellant stated that he needed discovery in order to provide additional information.  *Id.* at 5.    Similar to the renewal of privileges issue, I need not reach this issue because I find below that even if it was a personnel action, the appellant has not made a nonfrivolous allegation that his asserted disclosures were a contributing factor in providing a negative reference assuming one was made.

Contributing Factor

One way of establishing that a protected disclosure was a contributing factor in the agency's decision to take a covered personnel action is through the knowledge/timing test.    *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 26 (2011). The knowledge/timing test provides for finding a contributing factor if the appellant is able to show that the agency official had knowledge of her protected disclosure and/or activity and the timing of the action is such that a reasonable person could conclude that the disclosure was a contributing factor.    *Id.*   The Board has held that a personnel action taken within approximately 1 to 2 years of the appellant's disclosures satisfies the timing component of the knowledge/timing test.    *Schnell v. Department of the Army*, 114 M.S.P.R. 83, ¶ 22 (2010).

Even if the appellant fails to satisfy the knowledge/timing test, the Board must consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials and whether those individuals had a desire or motive to retaliate against the appellant. *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 26 (2013).

Still, an appellant cannot establish the contributing factor element for purposes of establishing the Board's jurisdiction when he fails to allege that an

official involved in the challenged personnel actions had knowledge of his protected disclosure and/or activity. *See Jones v. Department of the Treasury*, 99 M.S.P.R. 479, ¶ 8 (2005). Actual or constructive knowledge is sufficient to satisfy knowledge requirement. *Nasuti v. Department of State*, 120 M.S.P.R. 588, ¶ 7 (2014). An appellant may establish constructive knowledge by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Id.*; *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 11 (2012). The Supreme Court has adopted the term "cat's paw" to describe a case in which a particular management official, acting because of an improper animus, influenced an agency official who is unaware of the improper animus when implementing a personnel action. *See id.* (citing *Staub v. Proctor Hospital*, 562 U.S. 411, 415–16, 419–23 (2011) (applying a cat's paw approach to cases brought under the Uniformed Services Employment and Reemployment Rights Act of 1994)).

Removal

The appellant alleged he made disclosures from 2013 to June 2017. The appellant was removed March 23, 2020. AF, W-2, Tab 11 at 41. That was nearly 3 years after the appellant's last disclosure. Therefore, I find the appellant has failed to make a nonfrivolous allegation of a causal connection based on the knowledge/timing test. *See Schnell v. Department of the Army*, 114 M.S.P.R. 83, ¶ 22 (2010).

Further, at the time the agency removed the appellant he had withdrawn or recanted his allegations of misconduct regarding JH and SO and apologized for them in November 2018. *Id.* at 48-54. I make no finding on whether the appellant decided to withdraw/recant his allegations regarding SO and JH based on duress, rather I am only considering it as a basis for assessing whether the agency could have retaliated against the appellant for his disclosures when it decided to remove him.

I find that at the time it removed the appellant on March 23, 2020, the agency had no reason to believe that the appellant had made a protected disclosure.  Specifically, the appellant wrote to EE on December 31, 2018 and stated:

> I am writing to express my sincere regret to the events up to and following the IG inquiry against me. I have reviewed the events and my actions which was inappropriate.
>
> I have agreed to the plan laid out by the committee which comprises of retracting the allegations, submitting a letter of apology to USU and Walter Reed leadership, participate in and complete a focused professional practice evaluation.
>
> I have unreservedly accepted the findings and will work to regain the trust of the institution. I look forward to continuing my work with transplantation sciences, mentoring medical students & residents and global surgery in the New Year and beyond.

AF, W-2, Tab 11 at 49.  Therefore, I find the agency's action could not have been based on the appellant's alleged protected disclosures, because he had withdrawn them at the time EE decided not to renew the appellant's appointment.  Further, SO left the agency in 2017, according to the appellant.  AF, W-1, Tab 6 at 50. Therefore, at the time EE decided not to renew the appellant's appointment, 3 years later, he would have had no motive to retaliate in order to protect SO. While the Board has held that there may be a professional motive based on management's interest in protecting the agency, I find it could not exist here as again, the appellant had withdrawn and recanted his claims of misconduct by SO and JH.  AF, W-2, Tab 11 at 48-53.

Based on the appellant's submissions, I find the appellant failed to make a nonfrivolous allegation that he made a protected disclosure that was a contributing factor in the agency's decision not to renew his appointment.

Moreover, even if I were to distinguish the reports the appellant made to the MBP and the ones he reportedly made orally to EE, I still find the time lapse between the appellant's disclosures and the agency's decision not to renew his contract is too long to infer a causal connection.  This coupled with the

appellant's retraction of his other allegations causes me to find the appellant has failed to make a nonfrivolous allegation of retaliation for protected whistleblowing.

Employment Reference

For the same reasons articulated in the above section, I find the appellant failed to make a nonfrivolous allegation that the agency gave him a poor employment reference in retaliation for his disclosures. The appellant conceded this action occurred in March 2020, several years after his last alleged disclosure and after he had recanted his claims against SO and JH.

Nonrewal of the appellant's privileges and ultimate denial of request to renew

As noted above, the appellant alleged he made disclosures from 2013 to June 2017. AF, W-2, Tab 20 at 6-9. The appellant alleged these disclosures were made orally to EE. AF, W-2, Tab 20 at 6-9. RSG made the decision to suspend the appellant's privileges at Walter Reed effective December 15, 2018. AF, W-2, Tab 12 at 18. Further, the appellant alleged that Walter Reed ultimately chose not to renew his privileges. AF, W-1, Tab 6 at 12. Prior to making that decision, however, the appellant wrote to the Director of Walter Reed and provided a similar statement to the one he provided to EE. Therein he stated:

> I am writing to express my sincere regret to the events up to and following the IG inquiry against me. I have met with Drs. [EE, L and P] and reviewed the events and my action which was inappropriate.

> I have agreed to the plan laid out by the committee which comprises of retracting the allegations, submitting a letter of apology to USU and Walter Reed leadership, participate in and complete a 6 month focused professional practice evaluation.

> I have unreservedly accepted the findings and will work to regain the trust of the institution.

AF, W-2, Tab 11 at 52. Thus, based on the same reasons articulated above, I find the agency action could not be based on the appellant's alleged protected disclosures because he had withdrawn/recanted them at the time of the agency

action.  *Id.*  The appellant did not reassert his disclosures or otherwise seek to distance himself from his withdrawal when the agency chose not to renew the appellant's privileges either on December 15, 2018 or thereafter.  Thus, I find the appellant has failed to make a nonfrivolous allegation of a causal connection between his alleged disclosures and the nonrewal of hospital privileges.

Based on the foregoing, I find the appellant has failed to make a nonfrivolous allegations sufficient to establish Board jurisdiction over his IRA appeal.  Although the appellant requested a hearing, he is not entitled to one.  An appellant is not entitled to a jurisdictional hearing in an IRA appeal, but rather is entitled to a hearing on the merits only after he establishes Board jurisdiction.  *See Shope v. Department of the Navy,* 106 M.S.P.R. 590, ¶ 5 (2007).  Therefore, his appeal is dismissed, on the written record, for lack of jurisdiction.

## DECISION

The appeal is DISMISSED.


FOR THE BOARD:                                         /S/
                                         Melissa Mehring
                                         Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **October 6, 2022**, unless a petition for review is filed by that date.  This is an important date because it is usually the last day on which you can file a petition for review with the Board.  However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision.  If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first.  You must establish the date on which you or your representative received it. The date on which the initial

decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

## Criteria for Granting a Petition or Cross Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to

warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the

pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

**NOTICE TO AGENCY/INTERVENOR**

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

**NOTICE OF APPEAL RIGHTS**

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date this decision becomes final.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after this decision becomes final</u> under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S.

Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

Electronic Mail          Rahul Jindal
404 Hilton Head Court
Silver Spring, MD 20905

<u>Appellant Representative</u>

Electronic Mail          John T. Harrington, Esq.
The Employment Law Group, P.C.
1717 K Street NW, Suite 1110
Washington, DC 20006

<u>Agency Representative</u>

Electronic Mail          Lauren S. Ruby
Department of Defense
7700 Arlington Boulevard, Room 3M203
Falls Church, VA 22042

Electronic Mail          Steven J. Weiss
Department of Defense
Associate General Counsel
Office of General Counsel
Uniformed Services University of the Health Science
Room: A 1030
4301 Jones Bridge Road
Bethesda, MD 20814

| September 1, 2022 | /s/ |
|---|---|
| (Date) | Tonya Holman |
| | Paralegal Specialist |